

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# USA v. Spurell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Spurell" (2007). *2007 Decisions*. Paper 576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5444
_____

UNITED STATES OF AMERICA

v.

HAROLD SPURELL
a/k/a JAMAINE JOHNSON

Harold Spurell,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00491)
District Judge:  The Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2007

BEFORE: McKEE, STAPLETON, and NYGAARD, Circuit Judges.

(Filed: August 17, 2007)
_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Harold Spurell a/k/a Jamaine Johnson was apprehended by Philadelphia police officers after leading them on a high-speed car chase. Attempting to elude arrest, Spurell eventually stopped his car and fled on foot. As he ran from his car, Philadelphia police officers noted a "shiny object" fall from Spurell's waistband. Officers found the object — a .38 caliber revolver loaded with live ammunition. Spurell was apprehended several blocks away and was arrested. Spurell had served more than a year in prison on a felony charge in Montgomery County, Pennsylvania. He was on parole from that conviction and sentence when arrested. Spurell was charged with and found guilty of being a convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).

While his charges were pending, Spurell made requests of the court and the government to disclose grand jury testimony of Special Agent Uvena of the Bureau of Alcohol, Tobacco and Firearms. The Government refused the request.

After his conviction, but before sentencing, Spurell again requested grand jury testimony, this time arguing that he needed the testimony to challenge his sentence. The District Judge conducted an in camera review and denied Spurell's request. Spurell was sentenced to sixty months incarceration and timely appealed.

Spurell raises two principal issues on appeal, both of which we find meritless. First, Spurell argues that the District Court erred by denying his motion to disclose grand jury testimony. Additionally, Spurell argues that he had a right to confront government

trial witnesses — the arresting officers — with any statements they made to the ATF agent.

Spurell's concession that the Government "throughout this prosecution has been completely forthright and complied with all the requirements thrust upon [it]" leaves us less than clear as to what he is challenging on appeal. He does not directly claim a *Brady* error resulting from the District Court's in camera review of the grand jury testimony. As he argues in his brief:

> When the District Court reviewed the grand jury testimony before sentencing of the Appellant, it would have been evaluating it only for Brady material as that was the basis of Appellant's then submission for the authorization of the release of the grand jury testimony itself.

Appellant's Brief at 13.

Spurell's claims most resemble an alleged Jencks Act violation. The Jencks Act requires a court, upon motion of the defendant and after direct examination of a government witness, to order the United States to produce to the defense "any statement ... of the witness in [its] possession ... which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The key to the application of the Jencks Act is that the witness in question must have testified at the trial. Put another way, there is no obligation under the Jencks Act for the Government to provide statements made by a witness who does not testify at trial. Here, the ATF agent did not testify at trial. Indeed, none of the witnesses who testified at trial testified to the grand jury. There was no error

3

in the Government's failure to provide the ATF agent's grand jury testimony to Spurell post-trial.

Second, Spurell challenges the instructions the District Judge gave to the jury on the issue of witness credibility. Spurell did not object to the instructions at trial. Consequently, our review is limited to plain error — *see Jones v. United States*, 527 U.S. 373, 389 (1999) — and we find none. The District Court's charge on witness credibility was lengthy, detailed and thorough. It is undisputed that the challenged jury instruction in its entirety was a correct statement of the law. Spurell claims instead that the District Court erred when it failed to instruct the jury that it should consider the relationships "witnesses may have to each side of the case and how the witnesses may be affected by the outcome of the case." The record convinces us that the District Court's instruction sufficiently address how jurors are to evaluate a witness's testimony.[1] We find no reversible error.

---

[1]The District Court's extensive instructions on this subject included, for example, the following:

> "But in making your assessment, you should carefully scrutinize all of the testimony given by the witness. You should consider the circumstances under which the witness has testified, and all of the other evidence which tends to show whether the witness, in your opinion, is worthy of belief. You should consider each witness's intelligence, each witness's motive to falsify, the state of mind, appearance, and demeanor of the witness on the witness stand."

Appellant's Br. at 16-17.

Finally, Spurell's brief contains several additional issues he believes entitle him to a new trial. His court-appointed counsel states in Spurell's brief that he has reviewed these issues and that he informed Spurell that they are either meritless or cannot properly be considered at this stage in the litigation. Counsel identified the following issues: (1) Officer Lorenzo provided testimony that was inconsistent with testimony in Municipal Court involving the arrest of Spurell prior to the adoption of the case for federal prosecution; (2) the Government failed to present a fingerprint expert; (3) the Government did not provide Spurell a copy of the pursuit memo prepared by Officer Lorenzo prior to trial; (4) there was conflicting testimony between officer Lorenzo and Lieutenant Ginaldi about where Lorenzo recovered the gun; (5) the Government did not introduce into evidence clothing allegedly recovered during Spurell's arrest; and, (6) there were no fingerprints found on the gun recovered by Lorenzo.

We agree with Spruell's counsel and the Government that these issues are frivolous. Spurell's counsel has fulfilled his responsibilities under *Anders v. California*, 386 U.S. 738 (1967).[2]

_____

[2]We gave Spurell permission to file a supplemental brief in which he instructed his counsel to raise additional issues. Specifically, Spurell argues that his rights under the Speedy Trial Act and *Brady v. Maryland* were violated. The government was also given an opportunity to respond. We have reviewed the arguments raised in the supplemental brief as well as the entire record and find these issues to be frivolous as well.